UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO. 10-cv-00565-GAP-GJK

ACCESS 4 ALL, INC.
and JOE HOUSTON,

    Plaintiffs,

v.

WALGREEN CO.,

    Defendant.

_____/

## DEFENDANT'S ANSWER AND DEFENSES

Defendant, Walgreen Co., pursuant to Fed. R. Civ. P. 12(b), for its answer and defenses to the Complaint of Plaintiffs, Access 4 All, Inc. and Joe Houston, and responding to the correspondingly numbered paragraphs thereof, states:

1. Walgreen is without knowledge of the allegations of paragraph 1 and therefore those allegations are denied.

2. Walgreen is without knowledge of the allegations of paragraph 2 and therefore those allegations are denied.

3. Walgreen admits the allegation of paragraph 3.

4. Walgreen admits that venue is proper in the Middle District of Florida.

5. Walgreen admits that this purports to be an action brought pursuant to Title III of the Americans with Disabilities Act (hereinafter "ADA"), and that such actions are generally within the Court's subject matter jurisdiction. Walgreen specifically denies that it has violated the ADA, or that any relief is appropriate under the circumstances.

6. Walgreen denies the allegation of paragraph 6, as stated. Walgreen specifically denies that Plaintiff has been denied access to the subject properties. Walgreen is without knowledge of the remaining allegations of paragraph 6 and therefore those allegations are denied.

7. Walgreen denies the allegations of paragraph 7, as stated. Walgreen specifically denies that it has discriminated against the Plaintiffs. Walgreen is without knowledge of the remaining allegations of paragraph 7 and therefore those allegations are denied.

8. Walgreen admits the allegation of paragraph 8.

9. Walgreen denies the allegations of paragraph 9.

10. Walgreen denies the allegations of paragraph 10.

11. Walgreen denies the allegations of paragraph 11.

12. Walgreen denies the allegations of paragraph 12.

13. Walgreen denies the allegations of paragraph 13.

14. Walgreen denies the allegations of paragraph 14.

15. Walgreen is without knowledge of the legal conclusions alleged in paragraph 15 and therefore those allegations are denied.

16. Walgreen is without knowledge of the legal conclusions alleged in paragraph 16 and therefore those allegations are denied. Walgreens specifically denies that it has waived any conditions precedent.

17. Walgreen is without knowledge of the legal conclusions alleged in paragraph 17 and therefore those allegations are denied.

Walgreen denies all allegations not specifically and expressly admitted in this Answer.

Firmwide:95517329.1 046685.1061

## AFFIRMATIVE DEFENSES

### First Defense

Plaintiffs lack standing and have failed to properly allege standing to assert any or all of the claims attempted to be alleged in the Complaint, including Plaintiffs' failure to allege any past or prospective injury in fact, with respect to any or all of the alleged properties.

### Second Defense

Plaintiffs' Complaint fails to state a claim upon which relief can be granted under the Federal Rules as it is a classic "shotgun" complaint indiscriminately combining numerous distinct alleged violations, numerous distinct plaintiffs, with alleged disabilities differing in nature and degree, and numerous distinct properties, without any attempt to define a particular plaintiff or class of plaintiffs that have suffered a particular injury or type of injury at a particular facility or type of facility.

### Third Defense

The Complaint fails to state a claim for relief in that it fails to allege that the requested accommodations and removal of barriers are technically feasible, readily achievable and/or would not result in a significant loss of selling space.

### Fourth Defense

Some or all of the claims proposed to be asserted in this action may be precluded by the doctrine of *res judicata* and/or otherwise barred by prior rulings and decrees concerning the same proposed association members, facilities and/or defendant.

### Fifth Defense

Walgreen lacks the necessary ownership, custody or control of certain common elements at the alleged sites and therefore Walgreen is not a proper party as to any such alleged violations

Firmwide:95517329.1 046685.1061

and Plaintiffs have failed to join indispensable parties necessary to provide complete relief as to those alleged violations.

WHEREFORE, Walgreen requests entry of an Order dismissing this action and awarding Walgreen its costs of this action.

Dated this 25th day of May, 2010.

                Respectfully submitted,

                LITTLER MENDELSON, P.C.
                One Biscayne Tower, Suite 1500
                2 South Biscayne Boulevard
                Miami, FL  33131
                Tel:  (305) 400-7500
                Fax: (305) 603-2552

By: *s/Courtney B. Wilson*
    Courtney B. Wilson,
    Florida Bar No. 0614580
    E-Mail: cwilson@littler.com

*Counsel for Defendant, Walgreen Co.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 25th day of May, 2010, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*s/Courtney B. Wilson*
Courtney B. Wilson, Esq.

Firmwide:95517329.1 046685.1061

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO. 10-cv-00565-GAP-GJK

Lawrence A. Fuller, Esq.
E-Mail:  lfuller@fullerfuller.com
Fuller, Fuller & Associates, P.A.
Suite 609
12000 Biscayne Boulevard
North Miami, FL 33181
Tel:     (305) 891-5199
Fax:    (305) 893-9505
*Attorneys for Plaintiffs*
*(Served via transmission of Notices of*
*Electronic Filing generated by CM/ECF)*